IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLENN EISENHART, | : |
| | : |
| Petitioner | : |
| | : CIVIL NO. 1:11-CV-1879 |
| | : |
| v. | : Hon. John E. Jones III |
| | : |
| | : |
| PENNSYLVANIA BOARD OF | : |
| PROBATION AND PAROLE, | : |
| | : |
| Respondent | : |

## **MEMORANDUM**

December 5, 2011

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Glenn C. Eisenhart ("Petitioner" or "Eisenhart"), an inmate presently confined at the State Correctional Institution Waymart ("SCI Waymart") in Waymart, Pennsylvania, initiated the above action *pro se*. The action was initiated upon his filing of a document he identifies as a "petition for review" which he directs "to the Honorable President Judge and Associate Judges of the Commonwealth Court" of Pennsylvania. (Doc. 1.) Eisenhart states that he is incarcerated at SCI Waymart following a decision issued by the Pennsylvania Board of Probation and Parole ("Parole Board") revoking his parole and recommitting him for an unexpired term of six (6) months and fifteen (15) days, and he states that he is seeking review of that

decision. (*See id.* at 1.) It appears from an exhibit he attaches to the petition, which he labels as a request for administrative review by the Parole Board, that the decision he is challenging was issued on August 19, 2011. (*See id.* at 8 ¶ 1.)

Upon receipt of Eisenhart's petition on October 12, 2011, the Clerk of Court docketed it as a petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2254. Accordingly, on October 13, 2011, the standard Administrative Order that is issued in habeas corpus cases was mailed to Eisenhart directing him either to pay the $5.00 filing fee for a habeas corpus action or file a properly completed application to proceed *in forma pauperis* within thirty (30) days. (Doc. 3.) On October 25, 2011, Eisenhart paid the $5.00 filing fee. (Doc. 4.)

Upon screening the petition after receipt of the requisite filing fee, it appeared that Eisenhart may have mistakenly filed a petition with this Court that he meant to file with the Commonwealth Court of Pennsylvania. Not only does he identify his filing as a "petition for review," rather than a petition for writ of habeas corpus, but he addresses his petition to the Commonwealth Court, and he recognizes in the first paragraph of his petition that the Commonwealth Court of Pennsylvania has jurisdiction to entertain a petition for review from an order of the Parole Board pursuant to 42 Pa. Cons. Stat. Ann. § 763. (*See* Doc. 1 at 1 ¶ 1.)

Accordingly, by Order dated November 14, 2011, we directed Eisenhart on or before November 28, 2011 either to file a petition for writ of habeas corpus under the

2

provisions of 28 U.S.C. § 2254, if that was his intention in filing the instant action with this Court, or to notify the Court in writing if his intention was to file a petition for review with the Commonwealth Court of Pennsylvania, which then would prompt us to dismiss this action to allow Eisenhart to pursue any relief that might be available in state court. (Doc. 7.) Our Order explained that, because we cannot proceed on the petition as filed, in the event that Eisenhart failed to comply with our Order within the required time, this action would be dismissed without prejudice.

The deadline for Eisenhart to comply with our Order expired one (1) week ago, and he has not complied with our November 14 Order. On November 16, 2011, a letter from Eisenhart was entered on the docket along with three (3) exhibits. (Docs. 8, 9.) The letter was dated November 13 and mailed on November 14, and therefore was prepared and sent to the Court before we entered our November 14 Order. Although Eisenhart identifies one of his exhibits as an "updated petition," it is identical to the petition he originally filed except that he has changed the caption from the Commonwealth Court of Pennsylvania to the United States District Court for the Middle District of Pennsylvania, and he has removed the line that appeared at the top of the original petition stating that the petition was addressed to the Judges of the Commonwealth Court. (*See* Doc. 9, Ex. G.) However, in his updated petition, as in his original, Eisenhart still states that seeks review of an Order of the Parole Board pursuant to 42 Pa. Cons. Stat. Ann. § 763.

Because Eisenhart has failed to comply with our November 14 Order, and we cannot proceed on either his original petition (Doc. 1) or updated petition (Doc. 9) inasmuch as neither filing is a petition for writ of habeas corpus under the provisions of 28 U.S.C. § 2254, we shall dismiss this action without prejudice. An appropriate Order will enter on today's date.